Edward Parfitt *v.* Commonwealth of Pennsylvania, Appellant.

234

Argued May 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*David A. Ody,* Assistant Attorney General, with him *Samuel C. Vary,* Assistant Attorney General, for appellant.

*Edward Parfitt,* appellee, for himself.

OPINION BY PRESIDENT JUDGE BOWMAN, July 11, 1975: This appeal raises the issue of the procedure to be followed during a period of overlap between the receipt of unemployment compensation and occupational disease

benefits. Claimant (appellee herein) was receiving unemployment compensation benefits in October of 1972 when he filed a petition with the Bureau of Workmen's Compensation, claiming entitlement to benefits pursuant to The Pennsylvania Occupational Disease Act (Act).[1] On April 16, 1973, after hearing, a referee awarded claimant $100/month for the duration of his lifetime. On August 1, 1973, this same referee amended his earlier decision as to certain findings of fact, but his conclusions of law and the prior award remained essentially unaltered. The Commonwealth (appellant herein) appealed this decision to the Workmen's Compensation Appeal Board (Board). The Board found that the referee had inadvertently determined that claimant's unemployment compensation benefits had expired on October 5, 1972, whereas claimant actually continued to receive such benefits until April 21, 1973. Since the referee had awarded claimant occupational disease benefits commencing October 6, 1972, there was thus created a six-month period during which claimant was eligible for both forms of benefits. Without questioning claimant's entitlement to occupational disease benefits, the Board modified the referee's award so as to require claimant, during the period of overlapping benefits, to credit the amount of unemployment compensation benefits against the occupational disease award.

The Commonwealth appealed the Board's decision to the Court of Common Pleas of Westmoreland County where the award of the referee was further modified. That court upheld claimant's entitlement to occupational disease benefits as of October 6, 1972, but directed claimant to "return all Unemployment Compensation benefits received" subsequent to that date. This appeal followed.

Section 204 of the Act, 77 P. S. §1304, provides, in pertinent part, "That if the employe receives unemployment compensation benefits, such amount or amounts so

---

1. Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq. (Supp. 1974-1975).

received shall be credited as against the amount of the award made under the provisions of the occupational disease act." Clearly, in its order directing claimant to repay his unemployment compensation benefits received after October 6, 1972, the lower court misread this section. As the Board properly concluded, in situations in which a claimant has established coterminous, though independent, qualification for both unemployment compensation and occupational disease benefits, the claimant shall receive the full amount of unemployment compensation benefits awarded. The claimant's receipt of occupational disease benefits will be stayed until the expiration of the unemployment compensation benefits, unless the periodic payments of unemployment compensation benefits are lesser in amount than the periodic payments of occupational disease benefits. In the latter situation, the claimant would be entitled to receive the difference in amounts from the Occupational Disease Fund.

In this case, claimant's unemployment compensation benefits exceeded his occupational disease benefits during the period of overlap. Therefore, as adjudged by the Board, claimant, although qualified for benefits under the Act, could not commence receipt of such benefits until his unemployment compensation entitlement had expired.

Insofar as inconsistent with the foregoing, the order of the Court of Common Pleas of Westmoreland County is hereby reversed, and the order of the Board is reinstated.